J-S38004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAYE MAURICE WYNDER | : | |
| | : | |
| Appellant | : | No. 619 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 9, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002749-2021

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 7, 2023**

Taye Maurice Wynder appeals from the judgment of sentence,[1] entered in the Court of Common Pleas of Montgomery County, following his open guilty plea to:  one count each of corrupt organizations,[2] criminal conspiracy—selling

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court imposed judgment of sentence on January 9, 2023.  On January 18, 2023, Wynder filed a timely post-sentence motion, which was denied on January 27, 2023.  Wynder's notice of appeal was filed "from the order entered in this matter on the 27th day of January 2023."  **See** Notice of Appeal, 2/24/23.  Thus, the appeal was erroneously filed from the January 27, 2023 order denying the post-sentence motions.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (citation omitted) ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.").  We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. § 911(b)(2).

firearms to an ineligible transferee,[3] resisting arrest,[4] and criminal use of a communication facility;[5] two counts of dealing in proceeds of unlawful activities;[6] and four counts each of selling firearms to an ineligible transferee[7] and persons not to possess, use, manufacture, control, sell, or transfer firearms.[8] Following his plea, the court sentenced Wynder[9] to an aggregate sentence of 12 to 24 years' imprisonment. Upon review, we affirm on the opinion authored by the Honorable Wendy G. Rothstein.

Between June 2019 and December 2020, Wynder was an active member of a gun trafficking organization that operated in various Pennsylvania counties, including Montgomery County. Wynder and several other individuals, most of whom were prohibited from purchasing firearms due to criminal backgrounds, would recruit individuals as "straw purchasers" to purchase firearms and falsify state and federal paperwork by certifying that he or she was the actual buyer of the firearm, even though the firearm would

---

[3] *Id.* at § 903(a)(1).

[4] *Id.* at § 5104.

[5] *Id.* at § 7512(a).

[6] *Id.* at § 5111(a)(2).

[7] *Id.* at § 6111.

[8] *Id.* at § 6105(a)(1).

[9] One of Wynder's co-defendants, Alexander Aaron Smith, has an unrelated appeal that is docketed at 642 EDA 2023.

be transferred to a member of the gun trafficking organization. As a result of these straw purchases, Wynder obtained at least four firearms. During his time as a member of this organization, Wynder was under the legal age to purchase a firearm in Pennsylvania and was also prohibited from possessing, using, or purchasing a firearm due to prior juvenile adjudications for robbery.

On December 12, 2020, the vehicle in which Wynder was a passenger was subject to a traffic stop by Pennsylvania State Police. During the stop, Wynder fled the vehicle. Trooper Seth Betancourt pursued Wynder on foot, ultimately apprehending him and discovering, upon patting down Wynder's person, a handgun that had been purchased by a straw purchaser utilized by Wynder four days prior.

Following Wynder's arrest, the Commonwealth charged him with 72 counts of various offenses related to the trafficking organization. Wynder filed a motion to suppress. The court held a hearing, at which Trooper Betancourt testified. On September 8, 2022, the court denied Wynder's motion to suppress.

On April 2, 2022, pursuant to 18 Pa.C.S.A. § 6111(h)(1),[10] the Commonwealth filed notice of intent to seek mandatory sentences with

---

[10] **§ 6111. Sale or transfer of firearms**

* * *
**(h) Subsequent violation penalty.—**

*(Footnote Continued Next Page)*

respect to three of the counts. Wynder did not object. On September 16, 2022, following a thorough colloquy, Wynder entered an open guilty plea to 14 of the 72 counts charged. On January 9, 2023, Judge Rothstein sentenced Wynder to an aggregate sentence of 12 to 24 years' imprisonment.

Following sentencing, Wynder learned of a federal civil rights lawsuit, filed in December 2020, against Trooper Betancourt in an unrelated matter. Wynder filed a timely post-sentence motion to withdraw his guilty plea. The trial court held a hearing and, on January 27, 2023, the court denied Wynder's post-sentence motion.

Wynder filed this timely appeal. Both Wynder and the trial court have complied with Pa.R.A.P. 1925. Wynder raises the following issues:

1. Whether [Wynder's] plea was knowing, intelligent, and voluntary when it was based on inaccurate information presented during negotiations?

2. Whether the trial court erred in not allowing [Wynder] to withdraw his plea of guilty and proceed to trial upon the discovery of new information regarding the credibility of the affiant?

---

(1) A second or subsequent violation of this section shall be a felony of the second degree. A person who at the time of sentencing has been convicted of another offense under this section shall be sentenced to a mandatory minimum sentence of imprisonment of five years. A second or subsequent offense shall also result in permanent revocation of any license to sell, import[,] or manufacture a firearm.

3. Whether the trial court erred in not allowing [Wynder] to withdraw his plea of guilty and renegotiate a plea with the Commonwealth?

4. Whether the sentence imposed was proper?

Appellant's Brief, at 6 (renumbered for ease of disposition).

Wynder first argues that his guilty plea was not knowing, intelligent, or voluntary because, during plea negotiations, the Commonwealth presented "inaccurate information regarding a potential maximum sentence" and because the information he later learned regarding the federal lawsuit would have affected his decision regarding whether to go to trial. *Id.* at 9. He also claims the federal lawsuit against Trooper Betancourt "may have significantly impacted the credibility of" Trooper Betancourt and, had Wynder gone to trial, a jury may not have credited Trooper Betancourt's testimony. *Id.* Next, Wynder argues the court erred in refusing his request to withdraw the plea and renegotiate with the Commonwealth. *Id.* at 10. Finally, Wynder contends that, considering the totality of the circumstances, his sentence was unjustly harsh. *Id.* at 9.

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.

* * *

- 5 -

> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Hart*, 174 A.3d 660, 664–65 (Pa. Super. 2017) (internal citations and quotation marks omitted). The law imposes a stricter standard for post-sentence withdrawal motions in order to balance "the tension . . . between the individual's fundamental right to a trial and the need for finality in the proceedings." *Commonwealth v. Gunter*, 771 A.2d 767 (Pa. 2001); *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015).

Additionally, "a defendant is bound by the statements [that] he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996) (citations omitted). Therefore, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he may not recant the representations he made in court when he entered his guilty plea. *Id.* (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. *See Commonwealth v. Moser*, 921 A.2d 526, 528–29 (Pa. Super. 2007).

Here, Wynder's claim that the Commonwealth presented inaccurate information, in that the sentence imposed exceeded that discussed during negotiations, is belied by the record. The Commonwealth presented two plea

offers, a negotiated plea for 10 to 20 years, and an open plea, wherein the Commonwealth agreed to *nolle prosse* 58 counts and agreed "to a cap of no more than 14 through 28 years as the aggregate sentence." N.T. Guilty Plea Colloquy, 9/16/22, at 19. Wynder acknowledged the terms of both offers. He rejected the negotiated plea and agreed to the open plea, acknowledging that he understood his maximum exposure. *Id.* at 17-18. He also acknowledged that an open plea carried no agreement regarding sentencing. *See* N.T. Final Trial Conference, 9/9/22, at 6 (defense counsel stating: "Her Honor could run [the sentences] consecutive, run them concurrent . . . [a]nd with respect to the mandatory minimums on counts 38, 39, and 40, Her Honor could stack them, which means five to ten times three, so 15-30 years on mandatory minimums alone."). While represented by counsel, Wynder clearly stated that he entered into the plea agreement knowingly and voluntarily, and Judge Rothstein confirmed as much at the conclusion of the oral plea colloquy. *See* Guilty Plea Colloquy, *supra* at 21-22. Judge Rothstein found no manifest injustice, and we find no abuse of discretion. *Hart*, *supra*.

With respect to his remaining issues, after consideration of Wynder's arguments on appeal, the record, and the relevant law, we conclude these issues have been comprehensively addressed by Judge Rothstein.[11] We,

---

[11] With respect to Wynder's challenge to the discretionary aspects of his sentence, we note that Wynder has failed to include in his brief a Pa.R.A.P. 2119(f) statement. However, it is well-established that when an appellant fails to include a Rule 2119(f) statement and the Commonwealth has not

*(Footnote Continued Next Page)*

therefore, rely on her opinion to affirm Wynder's judgment of sentence. **See**

Trial Court Opinion, 5/23/23, at 4-21. The parties are directed to attach a

copy of Judge Rothstein's opinion in the event of further proceedings.

Judgment of sentence affirmed

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023

---

objected, we may ignore the omission. **See Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004). Here, the Commonwealth has not filed a brief, and we find no other filing in the record documenting an objection to Wynder's failure to include a Rule 2119(f) statement in his brief. Nonetheless, Wynder has failed to establish Judge Rothstein abused her discretion in sentencing, and we rely on her opinion to affirm same. **See** Trial Court Opinion, 5/23/23, at 15-21.